**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **EMPIRE INDEMNITY INSURANCE COMPANY,** | § |
| **Plaintiff,** | § |
| | § |
| | § |
| **VS.** | §   **CIVIL ACTION NO.**  _____ |
| | § |
| **N/S CORPORATION; JALIN, LTD. D/B/A MY** | § |
| **CAR WASH;  LIBERTY SURPLUS** | § |
| **INSURANCE CORPORATION,** | § |
| **Defendants.** | § |

**EMPIRE INDEMNITY INSURANCE COMPANY'S ORIGINAL COMPLAINT
FOR DECLARATORY JUDGMENT**

COMES NOW Empire Indemnity Insurance Company and files this Original Complaint for Declaratory Judgment and would show the Court the following:

**I.
THE PARTIES**

1.      Plaintiff, Empire Indemnity Insurance Company ("Empire Indemnity") is an Oklahoma corporation engaged in the insurance business with a statutory home office located at 630 NE 63rd Street, Oklahoma City, Oklahoma 73105 and a main administrative office or principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196.  Empire Indemnity operates as a qualified surplus lines insurer in Texas.

2.      Defendant N/S Corporation ("N/S") is a Pennsylvania corporation with a principal place of business located at 235 W. Florence, Inglewood, California 90301 and may be served with process by and through its registered agent, Registered Agent Solutions, Inc. 515 Congress Avenue, Suite 2300, Austin, Texas 78701.

3.      Defendant Jalin, Ltd. D/B/A My Car Wash ("Jalin") is a Texas Limited Partnership with a principal place of business located at 2560 East Plano Parkway, Plano, Texas

75074.  Jalin Venture Management, L.L. C is the General Partner of Jalin, Ltd.    Jalin may be served with process by and through its registered agent, Jerry Peter Kezhava, 2560 E. Plano Parkway, Plano Texas 75074.

4.       Defendant Liberty Surplus Insurance Corporation ("Liberty Surplus") is a New Hampshire corporation and appears to have a principal place of business at 175 Berkeley Street, Boston, Massachusetts, 02117.  Liberty Surplus operates as a qualified surplus lines insurer in Texas.  Liberty Surplus and may be served with process by and through Corporation Service Company, 211 East 7th Street Suite 620, Austin, Texas 78701-3218.

## II.
## JURISDICTION

5.       The jurisdiction of this Court over the subject matter of this action is predicated on Fed. R. Civ. P. 57 and 28 U.S.C. §2201.  There exists complete diversity between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## III.
## VENUE

6.       Venue is proper in this matter pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.
## BACKGROUND FACTS/UNDERLYING SUIT

7.       On or about November 17, 2010 Empire Indemnity was notified that its insured, N/S was a defendant in a lawsuit styled and numbered *Jalin, Ltd. d/b/a My Car Wash v. J. Randolph("Randy") Dent, Dent Holdings, Inc. d/b/a Rider Wash Systems, N/S Corporation d/b/a N/S Wash Systems, Inc., Kent Jones Architecture, Inc., d/b/a/Kent Jones Associates, Inc., Meza Engineering, Inc and Dimensional Construction, Inc.,* Cause No. 2008-CI-00774 in the 288th

Judicial District Court of Bexar, County, Texas (hereinafter "the *Jalin* lawsuit"). The *Jalin* lawsuit was originally filed on January 17, 2008.

8.      On or about March 11, 2011, a jury returned a verdict in the *Jalin* lawsuit finding, among other things, that N/S failed to comply with its agreement with Jalin to supply Jalin with N/S's equipment that would be properly designed, manufactured, delivered, installed and made operational for the Jalin car wash. The total verdict exceeds $20,000,000.00.

9.      Liberty Surplus issued a Commercial General Liability Policy No. DGL-BO-200105-023 to N/S Corporation for the policy period 07/01/04 to 07/01/05 which has a limit of liability of $1,00,000 per occurrence and $2,00,000 aggregate ("the Liberty Surplus Policy"). Empire Indemnity issued an Umbrella Liability Policy No. UM100907 to N/S Corporation for the policy period 07/01/04 to 07/01/05 (the "Empire Indemnity Umbrella Policy") which provides coverage in excess of the Liberty Surplus Policy.

## V.
## COVERAGE DEFENSES

10.      The Empire Indemnity Umbrella Policy contains an insuring agreement that provides in part:

> **1.      Insuring Agreement**
>
> **a**.      We will pay on behalf of the insured for "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right to associate with the "underlying insurer" and the insured to defend against any "suit" seeking those damages. But:
>
> > (1)      The amount we will pay for "ultimate net loss" is limited as described in **SECTION 1V – LIMIT OF INSURANCE**;
> >
> > **(2)**      At our discretion, we may investigate any "occurrence" and settle any resulting "claim" or "suit";
>
> * * *
>
> **b**.      It is agreed that this insurance only applies if;
>
> > **(1)**      The "bodily injury" or "property damage" occurs during the policy period of this policy;

**EMPIRE INDEMNITY INSURANCE COMPANY'S ORIGINAL COMPLAINT**
**FOR DECLARATORY JUDGMENT- PAGE 3**

* * *

> **(3)**   The "bodily injury" or "property damage" is caused by an "occurrence", and such "occurrence" takes place in the "coverage territory".

There has been no evidence, finding or judgment in the *Jalin* lawsuit that any "bodily injury" or "property damage" was caused by an "occurrence" which is defined in the Empire Indemnity Umbrella Policy as "…an accident, including continuous or repeated exposure to substantially the same general harmful conditions".   Accordingly, Empire Indemnity requests that this Court declare that there is no coverage under the Empire Indemnity Umbrella Policy for this verdict.

11.   The Empire Indemnity Umbrella Policy contains the following exclusions that operate to preclude coverage under the policy for the *Jalin* lawsuit:

> This insurance does not apply to:
>
> l.   "Property damage" to "your product" arising out of it or any part of it.

* * *

> **"Your Product"** means:
>
> a.   Any good or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
>
> (1)   You;
>
> (2)   Others trading under your name; or
>
> (3)   A person or organization whose business or assets you have acquired; and
>
> b.   Containers (other than vehicles), materials, parts or equipment furnished in connection with such good or products.
>
> "Your product" includes:
>
> a.   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
>
> b.   The providing of or failure to provide warnings or instructions.
>
> "Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

* * *

> This insurance does not apply to:
>
> n.   "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor

* * *

**"Your Work"** means:

    a.    Work or operations performed by you or on your behalf; and

    b.    Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

    a.    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    b.    The providing of or failure to provide warnings or instructions.

* * *

**"Products-completed operations hazard"**

    a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1)    Products that are still in your physical possession; or

        (2)    Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

            (a)    When all of the work called for in your contract has been completed.

            (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one site.

            (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b.    Does not include "bodily injury" or "property damage" arising out of:

        (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you; and that condition was created by the "loading or unloading" of that vehicle by any insured;

        (2)    The existence of tools, uninstalled equipment or abandoned or unused materials; or

        (3)    Those products or operations for which the applicable classification, under a policy of "underlying insurance", states that products-completed operations are subject to that policy's General Aggregate Limit.

* * *

This insurance does not apply to:

o.      "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

      (1)      A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

      (2)      A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

* * *

**"Impaired property"** means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.      In incorporates "your product" or "your work" that is know or thought to be defective, deficient, inadequate or dangerous; or

b.      You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by;

a.      The repair, replacement, adjustment or removal of "your product" or "your work"; or

b.      Your fulfilling the terms of the contract or agreement.

* * *

This insurance does not apply to:

**c.**      "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

      **(1)**      That the insured would have in the absence of the contract or agreement; or

      **(2)**      Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage" provided:

            **(a)**      Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract";

            **(b)**      Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged; and

            **(c)**      The indemnitor insured's "underlying insurance" also deems these expenses to be damages.

The damages awarded in the *Jalin* lawsuit are damages to N/S's work and/or product and/or arising out of the work and/or product or any part of it.  As such, Empire Indemnity has no obligation to indemnify N/S or pay any judgment rendered in the *Jalin* lawsuit.  Additionally, the impaired property exclusion set forth above operates to preclude a duty to indemnify and/or pay any judgment in the *Jalin* lawsuit.  The contractual liability exclusion set forth above also precludes coverage for the judgment in the *Jalin* lawsuit.

12.     The Empire Indemnity Umbrella Policy precludes coverage for damages expected or intended by the insured as follows:

> This insurance does not apply to:
>
> b.     "Bodily injury" or "property damage" either expected or intended from the standpoint of the insured.

Empire Indemnity does not owe indemnity for the damages awarded in the *Jalin* lawsuit because such damages are either expected or intended from N/S's standpoint.

13.     The Empire Indemnity Umbrella Policy contains certain conditions which must be met in order to invoke coverage under the policy.  One such condition provides that the insured, N/S must notify Empire Indemnity as soon as practicable of any claim or suit as follows:

> 3.     **Duties in the Event of Occurrence, Offense, Claim or Suit**
>
> a.     You must see to it that we or our authorized representative are notified as soon as practicable of an "occurrence" or an "offense" which may result in a "claim".  To the extent possible, notice should include:
>
> > (1)     How, when, and where the "occurrence" or alleged "offense" took place;
> >
> > (2)     The insured's name and address;
> >
> > (3)     The names and addresses of any injured persons or witnesses; and
> >
> > (4)     The nature and location of any injury or damage arising out of the "occurrence" or "offense".
>
> Notice of an "occurrence" or an "offense" is not notice of a "claim".
>
> b.     If a "claim" is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the "claim" or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we also receive written notice of the "claim" or "suit" as soon as practicable.

**c.** You and any other insured involved in such "claim" or "suit" must:

**(1**) Immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the "claim" or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation, or settlement of the "claim" or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury damage to which this insurance may also apply.

**d.** No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expenses without our consent.

**e.** No insured shall in any way jeopardize our rights after an "occurrence" or "offense".

The *Jalin* lawsuit had been ongoing for almost two years before N/S notified Empire Indemnity of the suit or any claim against N/S preceding the lawsuit. N/S violated the conditions of the Empire Indemnity Umbrella Policy. In failing to comply with the notice provisions of the Empire Indemnity Umbrella Policy, N/S prejudiced Empire Indemnity's ability to investigate, settle the claim and/or associate with the defense of the *Jalin* lawsuit. Thus, to the extent that Empire Indemnity owes any indemnity for the judgment in the *Jalin* lawsuit (which it does not), N/S's breach of the policy conditions vitiate coverage under the Empire Indemnity Umbrella Policy.

## V.
## CAUSE OF ACTION-DECLARATORY JUDGMENT

14. Empire Indemnity seeks a declaration, pursuant to 28 U.S.C. §§2201, 2202 that it has no duty under the Empire Indemnity Umbrella Policy to indemnify N/S or pay Jalin for all or any part of any judgment in the *Jalin* lawsuit for the reasons set forth above.

**EMPIRE INDEMNITY INSURANCE COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT- PAGE 8**

15.     In the alternative, Empire Indemnity seeks a declaration that if this Court finds that coverage under the Empire Indemnity Umbrella Policy is triggered, then Empire Indemnity's obligation is in excess of the Liberty Surplus Policy and Empire Indemnity's coverage is not triggered until the Liberty Surplus Policy is exhausted.  Empire Indemnity seeks a declaration that if the evidence shows more than one occurrence in the Liberty Surplus Policy period, the $2,000,000 aggregate limit of the Liberty Surplus Policy is triggered.

## VI.
## ATTORNEYS' FEES

15.     Empire Indemnity has been forced to hire the undersigned attorneys to prosecute this claim.  Pursuant to 28 U.S.C. 2202, Empire Indemnity respectfully requests that the Court award Empire Indemnity the reasonable and necessary attorneys' fees it incurs in this lawsuit.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Empire Indemnity respectfully prays that Defendants be cited to appear and answer this lawsuit and that this Court enter a judgment against Defendants for the following:

1.     Declaration that Empire Indemnity does not owe indemnity under the Empire Indemnity Umbrella Policy for any part of the judgment in the *Jalin* lawsuit ;

2.     Alternatively, if it is determined that coverage is triggered under the Empire Indemnity Umbrella Policy, declaration that the Empire Indemnity Umbrella Policy is excess to the Liberty Surplus Policy;  declaration that if the evidence shows more than one occurrence, Liberty Surplus Policy $2,000,000 aggregate limit applies;

3.     All reasonable and necessary attorneys' fees incurred by Empire Indemnity in this lawsuit; and,

4.     All other relief to which Empire Indemnity is entitled.

Respectfully submitted,

**HERMES SARGENT BATES, L.L.P.**


By: */s/ Veronica M. Bates*
      **VERONICA M. BATES**
      State Bar No. 01912795
      veronica.bates@hsblaw.com
      **ALISSA K. CHRISTOPHER**
      State Bar No. 11531020
      alissa.christopher@hsblaw.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: 214.749.6530
Facsimile: 214.749.6330

**ATTORNEYS FOR PLAINTIFF
EMPIRE INDEMNITY INSURANCE
COMPANY**