**\*\*NOT FOR PRINTED PUBLICATION \*\***
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EMPIRE INDEMNITY INSURANCE COMPANY, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 4:11cv166 |
| | § | (Judge Clark/Judge Mazzant) |
| N/S CORPORATION, JALIN, LTD., D/B/A MY CAR WASH, LIBERTY SURPLUS INSURANCE CORPORATION, | § § § § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. Plaintiff Empire Indemnity Insurance Company, an excess liability insurer for N/S Corporation ("N/S"), filed this action seeking a declaratory judgment that it has no duty under its policy to indemnify its insured N/S against the claims asserted in an underlying Texas state court lawsuit filed by Jalin, Ltd. d/b/a My Car Wash ("Jalin"). Jalin sued N/S in state court, and a jury returned a verdict in Jalin's favor. Before judgment was entered, Jalin, N/S, and N/S's primary carrier, Liberty Surplus Insurance Corporation ("Liberty"), entered into an agreement to settle, which included Jalin's covenant not to execute on the forthcoming state court judgment. N/S also assigned its rights under the Empire Umbrella Policy to Jalin.

The dispositive issue in this case was whether the settlement agreement, which contained an unconditional release of N/S from all liability and Jalin's covenant not to execute, relieved Empire of its obligation to reimburse its insured . The Magistrate Judge found that the unconditional release barred N/S and any assignees from recovering against Empire and entered a Report and

Recommendation containing proposed findings and recommendations that Plaintiff's Motion for Summary Judgment [Doc. #77], be granted [Doc. #157]. Defendants timely filed objections [Doc. #159]. Plaintiff Empire filed no objections.

The parties have throughly briefed the issues in the case. The Magistrate Judge, in considering this case, issued two reports. The first report was issued on August 17, 2012, and recommended that the Plaintiff's motion be denied. The Magistrate Judge withdrew the first report and entered a new report on December 5, 2012. The issue the Magistrate Judge faced was whether, in light of the settlement release and covenant not to execute on the judgment in the underlying Jalin lawsuit, N/S was legally obligated to pay the judgment.

The Empire policy provides that it would not be liable to pay N/S until it had been finally determined by judgment against N/S (or by agreement with Empire) that N/S was legally obligated to pay more than its retained limit. The Magistrate Judge correctly cited the general rule in Texas, that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment.

A release of the tortfeasor that precludes a final determination of liability by agreement or judgment therefore precludes the releasing party from suing the tortfeasor's insurer. The Magistrate Judge determined that in this case, Jalin cannot sue Empire, N/S's insurer for liability for which N/S has been released, and that the release barred Jalin from holding N/S liable for the sum awarded by the final judgment entered by the state court after the release was entered into. The Magistrate Judge concluded that an unconditional release is an unconditional release, despite language in the settlement providing that nothing in the release would prevent the party from pursuing their claim against the insurer.

2

The Magistrate Judge also explained that even though Jalin may have not intended to release N/S, the simple fact is that Jalin gave a full release prior to entry of the Jalin lawsuit judgment. Thus, the Magistrate Judge was correct in finding that when the judgment was entered, N/S had no legal obligation to pay anything, despite the attempt to carve the future claims out.  The Magistrate Judge was also correct in finding that Jalin's actions in requesting the state court to enter a judgment was merely a fiction and had no legal effect.

In their objections, Defendants now rely upon *Scottsdale Ins. Co. v. Knox Park Const., Inc.*, 488 F.3d 680 (5th Cir. 2007).  The Magistrate Judge relied upon this case in the first report.  In the current report, the Magistrate Judge explained that this case was not cited by any party and that in in its prior report, the Magistrate Judge reasoned that Plaintiff's alleged refusal to participate in reasonable settlement negotiations based upon an erroneous view that it had no exposure, resulted in Plaintiff waiving any application of condition twelve of the Plaintiff's umbrella policy that required a judgment or a settlement that included Plaintiff.  After further review, the Magistrate Judge determined that *Scottsdale* was not applicable to this case.  He also noted that in response to Plaintiff's objections to the first report, Defendants never pointed to *Scottsdale* to support the first report.  The Magistrate Judge explained why *Scottsdale* was not applicable to this case.  The court agrees with the Magistrate Judge's rejection of *Scottsdale* and rejects Defendants' new reliance upon this case.

Defendants next object that the Magistrate Judge missed a fact that under the settlement agreement, that Liberty paid $650,000 and then N/S paid $450,000, which resulted in payment over the $1,000,000.  Defendants assert that N/S has made a equitable subrogation claim in this case. Defendants' argument is misplaced.  The court need not determine whether any of the damages

awarded in the underlying suit are, were, or could have been covered under Plaintiff's  policy, because N/S, the insured, was released from all legal liability for any of the damages, whether covered or not.  At the time of the final judgment in state court, N/S had no legal obligation to pay anything.  Thus, as a matter of law, the condition that N/S "be obligated to actually pay" an amount finally determined by judgment was not, and could never be, met.   As Plaintiff points out, for the first time in these proceedings, N/S attempts in the objections, to make a claim for equitable subrogation.  Defendants cannot raise a claim for subrogation for the first time at this stage of the case.  Furthermore, the court finds that equitable subrogation does not apply in this case. There can be no claim for breach of contract against an insurer when there is no coverage under the policy, as in this case.

The court finds that the Magistrate Judge correctly addressed the issues in this case. The insuring agreement in Plaintiff's policy is not met in this case because the insured, N/S, is not, and was never, legally liable to pay the underlying judgment in the Jalin case, since N/S was released from any and all liability before the underlying judgment was entered.  The requirement that the insured be legally liable is found in the insuring agreement of Plaintiff's policy and not in the conditions section.  Defendant Jalin cannot sue Plaintiff or assert a claim against Plaintiff for which Plaintiff's insured, N/S, has been fully released.  Jalin fully, finally, and forever discharged N/S from any and all indebtedness related to the underlying action.  N/S was not and is not legally liable for any judgment, verdict, or any other indebtedness as a result of the underlying action.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Defendants [Doc. #159], as well as the other responses and replies [Doc. #160, #161, #162, and #163], this court is of the opinion that the findings and conclusions of the

Magistrate Judge are correct.  Empire filed no objection to the Report and Recommendation so any objection to the decision of the Magistrate Judge not to address the issues raised by Empire are waived.

It is, therefore, **ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. #77] is GRANTED IN PART.  It is DECLARED that N/S has no legal liability to pay the judgment in the Jalin lawsuit, because of the release entered before the judgment.

So **ORDERED** and **SIGNED** this **15** day of **March, 2013.**

_____
Ron Clark, United States District Judge